# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND McCOY, | CASE NO. 1:12-cv-00983-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| J. CLARK KELSO, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN 15 DAYS |

**Findings and Recommendations**

On June 19, 2012, Plaintiff Joseph Raymond McCoy ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 19, 2012, the Court ordered Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty days. Doc. 2. Plaintiff failed to comply, and on August 6, 2012, the Court issued a second order requiring Plaintiff to file a response within thirty days. Doc. 4. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the Court's orders.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court

in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to these particular court orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue and cannot simply remain idle on the Court's docket.

Accordingly, it is hereby RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 18, 2012

UNITED STATES MAGISTRATE JUDGE