# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>J. CLARK KELSO, et al.,<br><br>　　　　Defendants. | 1:12cv00983 AWI DLB PC<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on June 19, 2012. He names over 30 Defendants.

**A.　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

B.     **RULES 8(a) AND 18**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

Further, Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see

also Owens v. Hinsley, 635 F.3d 950 (7th Cir. Mar. 18, 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).

C.      **SECTION 1983 REQUIREMENTS**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

D.      **EXHAUSTION REQUIREMENTS**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

E.     **ANALYSIS**

In this instance, Plaintiff's complaint is 29 pages. The events complained of cover a time span from June 11, 2009, through May 12, 2012. Plaintiff's allegations relate to alleged injuries to his right foot, though he sets forth a myriad of claims against more than 30 Defendants. With so many Defendants, the large time span involved, the variety of claims and Plaintiff's failure to clearly articulate his allegations, his complaint fails to comply with Rule 8(a). Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000).

Moreover, because Plaintiff complains of events occurring as recently as May 2012, less than one month prior the filing of this complaint, it is likely that at least some claims are unexhausted. Plaintiff should keep the exhaustion requirement in mind when amending his complaint.

Given that Rule 8(a) requires a short and plain statement of the claim and the prohibition on improper joinder, 25 pages, excluding exhibits, are more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's amended complaint may not exceed 25 pages in length, and it will be stricken from the record if it violates this page limitation.

F.     **CONCLUSION AND ORDER**

Plaintiff's complaint shall be dismissed for failure to comply with Rule 8(a). The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's amended complaint may not exceed 25 pages in length, excluding exhibits, and it must comply with Rule 18.

In amending his complaint, Plaintiff is advised that under section 1983, he must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.The Clerk's Office shall send Plaintiff a complaint form;

2.Plaintiff's complaint, filed June 19, 2012, is dismissed;

3.Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint not to exceed 25 pages in length excluding exhibits; and

///

4.        <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:    **March 15, 2013**                                  /s/ *Dennis L. Beck*
                                                                                    UNITED STATES MAGISTRATE JUDGE