# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>vs.<br><br>J. CLARK KELSO, et al.,<br><br>    Defendants. | 1:12cv00983 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |

    Plaintiff Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on June 19, 2012. Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on May, 10, 2013.

    On December 18, 2013, the Court found that Plaintiff stated an Eighth Amendment deliberate indifference claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann. Plaintiff was ordered to file an amended complaint, or notify the Court of his willingness to proceed only on these cognizable claims.

    On January 2, 2014, Plaintiff notified the Court that he was willing to proceed only on the cognizable claims.[1]

---

[1] Plaintiff will be instructed on service by separate order.

1

A.     **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.     **PLAINTIFF'S FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at CSATF in Corcoran, California, where the events at issue occurred.

Plaintiff alleges that Defendant Kelso maintains records that show on June 11, 2009, Defendant Stronach examined Plaintiff and found that he had an infection of his right foot.  Plaintiff alleges that she knowingly overstepped the scope of her LVN license by prescribing him two tubes of anti-fungal cream.  Defendant Stronach also instructed Plaintiff to return to the general population despite his request to see qualified medical personnel and despite obvious signs of swelling, oozing and difficulty walking.

On June 14, 2009, after following Defendant Stronach's instructions, Plaintiff noticed an increase in swelling, discoloration and drainage, and he had more difficulty walking.  Defendant Stronach again refused to provide Plaintiff with access to specialized medical personnel.

On June 15, 2009, Defendant Doctors Piere and Peters, who were hired by Defendant Kelso, were notified by an x-ray technician that complications were discovered with Plaintiff's right foot, including drainage, swelling, discoloration and paralysis.  Defendants Piere and Peters informed Defendant Kelso that Plaintiff needed to be transported to an outside medical facility for treatment.

At Fresno Community Hospital, Plaintiff's right foot was placed in a splint and he was given antibiotics.  Plaintiff was in severe pain and was unable to walk.  Medical experts at Fresno Community Hospital instructed Defendant Kelso to ensure that he received medical treatment.

On June 25, 2009, Defendant Kelso delegated Defendant Doctor Gonzales and Defendant Stronach to carry out Plaintiff's medical orders.  Plaintiff told Defendants Gonzales and Stronach that while he was trying to shower, the splint on his right leg became contaminated.  Instead of referring him to medical personnel to replace his splint, and despite observing discharge, pain, swelling and difficulty walking, Defendant Gonzales instructed Defendant Stronach to remove the splint and issue an Ace Wrap.  Defendant Stronach instructed Plaintiff to pace the Ace Wrap on his own foot and when Plaintiff disagreed, Defendants Gonzales and Stronach ordered Plaintiff to leave the clinic.

On June 30, 2009, Defendant Gonzales interviewed Plaintiff.  When Plaintiff began to explain his dissatisfaction with  his medical treatment, Defendant Gonzales told Plaintiff that he would order Defendant Stronach to ensure that staff under her supervision cleaned the wound every two days for one week.

On August 13, 2009, Defendant Kelso delegated Defendants Gonzales and Stronach to comply with orders for Plaintiff's medical treatment.  Defendant Gonzales issued a priority ducat authorizing custody staff to make sure Plaintiff attended his medical appointment.  When custody staff told them that the wheelchair that had been issued to Plaintiff by Defendant Enenmoh had malfunctioned and he could not make the appointment, Defendants Gonzales and Stronach filed a report charging Plaintiff with a rules violation for destroying state property. Rather than give him medical treatment, Defendants Gonzales and Enenmoh had another prisoner retrieve another wheelchair from the clinic and go get Plaintiff.  Plaintiff was accompanied by Defendant LeMay.

When he arrived, Defendants Snell, Gonzales, LeMay and Stronach told Plaintiff that he was being charged with destruction of state property.  When Plaintiff asked for another wheelchair, Defendant Gonzales told Plaintiff that he did not need another one.  He instructed Defendants Stronach and LeMay to issue Plaintiff another prisoner's walker.  When Plaintiff

refused and told them that both of his feet were now infected and that walking without protective footwear would be dangerous, Defendants Gonzales, Stronach, Snell and LeMay decided to force Plaintiff to remain in the general population without protective footwear.

On August 28, 2009, Plaintiff asked other prisoners to find a wheelchair so that he could go to the medical clinic. Plaintiff was in severe pain, with excessive swelling, burning and blood in his urine. When Plaintiff arrived, Defendants Gonzales, Stronach and LeMay asked Plaintiff where he got the wheelchair. Plaintiff told them he got it from another prisoner, Defendant Gonzales ordered Defendants Stronach and LeMay to confiscate the wheelchair. Plaintiff tried to disagree, but Defendant Gonzales immediately activated his prison emergency alarm. Defendants Beltran, Fisher, Snell and Tann responded and Plaintiff told them that he could not walk. However, Defendants Gonzales, Stronach and LeMay told them to confiscate the borrowed assistive device.

Defendant Gonzales also told Defendants Beltran, Fisher, Snell and Tann to remove Plaintiff from the medical clinic, and they ordered staff to pick Plaintiff up off a bench and place him on another bench outside. Plaintiff was given a walker and told to return to his housing unit. Plaintiff tried to walk, but the pain caused him to pass out. When he came to, he felt like he was being carried and noticed that Defendants Gonzales, Stronach and LeMay were standing over him. Plaintiff passed out again and when he regained consciousness, he told Defendant Gonzales that he had severe pain in his back, shoulders and head and requested medical assistance.

Instead of referring Plaintiff to a medical expert to provide appropriate treatment, Defendant Gonzales instructed Defendants Stronach, LeMay, Beltran, Snell, Fisher and Tann to again remove Plaintiff from the clinic. Custody staff was instructed to assist Gonzales, Stronach, and LeMay in removing Plaintiff. Plaintiff was lowered to the ground from a gurney and rolled to the pavement. While Defendants Stronach, Gonzales, LeMay, Beltran, Snell, Fisher and Tann

watched, Plaintiff made attempts to remove himself from the heat of the sun by crawling on his hands and knees back to his assigned housing.

On December 21, 2009, medical specialists at Mercy Hospital diagnosed disseminated coccidiomycosis of the right navicular bone.

Plaintiff requests compensatory and punitive damages.

C.     **ANALYSIS**

    1.     Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

        a.     *Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann*

Plaintiff's allegations are sufficient to state an Eighth Amendment medical claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann.

   b.  *Defendants Piere and Peters*

  As to Defendants Piere and Peter, Plaintiff only alleges that they examined him on June 15, 2009, and told Defendant Kelso that he needed to be transported to an outside medical facility for treatment.  Plaintiff was then treated at Fresno Community Hospital.  These allegations do not suggest, in any way, that Defendants Piere or Peters acted with deliberate indifference to a serious medical need.

  Plaintiff therefore fails to state a claim against Defendants Piere or Peters.

   c.  *Defendants Kelso and Enenmoh*

  Under section 1983, Plaintiff must link the named Defendants to participation in the violation at issue.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and as administrators, Defendants Kelso and Enenmoh may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to Defendants, and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001).

  In his FAC, Plaintiff alleges that Defendant Kelso maintained records and was appointed by the federal court to oversee healthcare within CDCR.  While this may be true, it does not

establish liability against Defendant Kelso because it does not demonstrate that he participated in the alleged acts, or knew of the acts and failed to prevent them.  Similarly, Plaintiff states that Defendant Kelso hired Defendants Peters and Piere and later designated Defendants Gonzales and Stronach to carry out medical orders.  Again, however, Plaintiff does not allege facts to support a finding that Defendant Kelso participated in the alleged acts, or knew of the alleged medical deprivations and failed to prevent them.

Similarly, Plaintiff names Defendant Enenmoh, the Chief Medical Officer at CSATF.  However, the only factual allegation against Defendant Enenmoh relates to his issuing Plaintiff a wheelchair.  This does not demonstrate that Defendant Enenmoh participated in any alleged violations, or knew of any alleged violations and failed to prevent them.

Accordingly, Plaintiff fails to state a claim against Defendants Kelso or Enenmoh.

2.      Official Capacity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060-61 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit.  Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Here, Plaintiff purports to sue Defendants in both their official and individual capacity. As Plaintiff is only seeking monetary damages, he may only maintain this action against Defendants in their individual capacities.

D.      **FINDINGS AND RECOMMENDATIONS**

Plaintiff's complaint states a cognizable Eighth Amendment deliberate indifference claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann.  However, Plaintiff fails to state any other claims upon which relief may be granted under section 1983. The Court recommends that all other Defendants (Defendants Kelso, Enemoh, Piere and Peters) and claims be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2014**                    /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE