1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   JOSEPH RAY McCOY,                    )   Case No.: 1:12cv00983 AWI DLB (PC)
                                           )
12                  Plaintiff,            )
                                           )
13          v.                            )   FINDINGS AND RECOMMENDATIONS
                                           )   REGARDING PLAINTIFF'S MOTION FOR
14   GONZALES, et al.,                    )   INJUNCTIVE RELIEF
                                           )   (Document 24)
15                  Defendants.           )
                                           )   THIRTY-DAY OBJECTION DEADLINE
16   _____ )

17          Plaintiff  Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action.  Plaintiff filed his complaint on June 19, 2012.  This action is

19   proceeding on an Eighth Amendment deliberate indifference claim against Defendants Stronach,

20   Gonzales, LeMay, Beltran, Fisher, Snell and Tann.  On January 27, 2014, the Court directed the

21   United States Marshal to serve these Defendants.

22          On January 23, 2014, Plaintiff filed a Motion for Declaratory and Injunctive Relief.

23

24

25

26

27

28

                                              1

**DISCUSSION**

A preliminary injunction is an extraordinary remedy never awarded as of right.  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted).  For each form of relief sought in federal court, Plaintiff must establish standing.  <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  <u>Summers</u>, 129 S.Ct. at 1149 (quotation marks and citation omitted); <u>Mayfield</u>, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

As an initial matter, the Court does not have jurisdiction over any Defendants as they have not yet appeared in this action.  Therefore, the Court cannot order any Defendant, at this juncture, to take any action.  "[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."  <u>Zenith Radio Corp. v. Hazeltine Research, Inc</u>., 395 U.S. 100, 110 (1969) (emphasis added); <u>S.E.C. v. Ross</u>, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

More importantly, however, even if the Court had jurisdiction over a Defendant, the Court could not provide the requested relief.  Plaintiff's request for relief is very vague.  While covering a range of issues, from prisoner transfers to appropriate footwear, Plaintiff's request for relief appears

very broad.  For example, Plaintiff asks that the Court enjoin "any conduct" in order to preserve evidence and permit Plaintiff to continue prosecuting this action.  Mot. 6.  In his declaration, Plaintiff requests that the Court enjoin Defendants "from any and all conduct designed to interfere with my right to maintain accurate prosecution of this case."  Mot. 10.  The Court surmises from Plaintiff's statements that such interference includes denial of access to the grievance process, abrupt transfers, punitive confinement, falsification of evidence and lack of medical treatment.

This action, which forms the basis of the requirements for injunctive relief, is proceeding on Plaintiff's claims related to medical care.  His requested relief, however, is not limited to medical care. In fact, Plaintiff's requested relief is broad and undefined.  Injunctive relief cannot be used for incidents that are not at issue in this action.

Similarly, Plaintiff's general request to enjoin "any conduct" fails to present specific factual allegations to meet the requirements of injunctive relief.  Plaintiff has failed to demonstrate that the threat to his safety is "actual and imminent, not conjectural or hypothetical," or "fairly traceable to challenged conduct of the defendant."  Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

## RECOMMENDATION

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Injunctive Relief or Protective Order be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**February 4, 2014**__                    _____ /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE