# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

JOSEPH RAYMOND McCOY,

               Plaintiff,

     v.

A. ENENMOH, et al.,

               Defendants.

Case No. 1:12-cv-00983 AWI DLB PC

FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS
(Document 37)

THIRTY-DAY DEADLINE

       Plaintiff Joseph Raymond McCoy ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 19, 2012.  On November 6, 2012, the Court granted Plaintiff's application to proceed in forma pauperis.

       Plaintiff filed a First Amended Complaint on May 10, 2013.  On March 21, 2014, the Court ordered that the action proceed on an Eighth Amendment deliberate indifference claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann.  The remaining claims and Defendants were dismissed.

       On April 11, 2014, Defendants Stronach, LeMay, Gonzales, Beltran, Snell and Tann filed the instant motion to revoke Plaintiff's in forma pauperis status.  Defendant Fisher joined in the motion on April 28, 2014.

       Plaintiff filed his opposition on May 12, 2014, and Defendants filed a reply on May 20, 2014. The motion is deemed submitted pursuant to Local Rule 230(l).

I.   **LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011); Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). Pursuant to the PLRA, the in forma pauperis statute was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U. S. C. § 1915(g).

In seeking the revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). If Defendants meet their initial burden, Plaintiff must then demonstrate the dismissals should not count as strikes. Andrews, 398 F.3d at 1120.

II.   **DISCUSSION**

    A.   Strikes Pursuant to 1915(g)

As an initial matter, Plaintiff does not dispute any of the six cases and/or appeals offered by Defendants as strikes. Nonetheless, the Court must carefully evaluate each case to determine if the case was dismissed as frivolous, malicious or for failure to state a claim. Andrews, 398 F.3d at 1121. The determination that a dismissal constitutes a strike must be made based on the substance of the dismissal and not how the dismissal is styled. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). With this standard in mind, the Court will now review each of the six cases offered by Defendants. The Court takes judicial notice of the court records in each action.

1                    1.      <u>McCoy v. Terhune</u>, 2:01-cv-01916-UA-AJW (C.D. Cal.)

According to the docket, on February 13, 2002, the Court denied Plaintiff leave to proceed in forma pauperis because the complaint was "legally and/or factually patently frivolous."  The complaint failed to state a claim for which relief may be granted against any defendant.  ECF No. 4.  This is a dismissal pursuant to 1915(g).

2.      <u>McCoy v. Alameida</u>, 04-16443 (9th Cir.)

On June 13, 2007, the Ninth Circuit terminated the appeal on the merits.  The appeal was dismissed as frivolous.  This is a dismissal pursuant to 1915(g).

3.      <u>McCoy v. Schwarzenegger</u>, 1:04-cv-05954-AWI-WMW (E.D. Cal.)

On April 8, 2008, the Court dismissed the complaint with leave to amend for failure to state a claim for which relief may be granted.  On May 12, 2008, the Magistrate Judge issued Finding and Recommendations that the action be dismissed after Plaintiff failed to file an amended complaint.  The Court adopted the Findings and Recommendations on August 15, 2008, and dismissed the action for failure to state a claim upon which relief may be granted.  ECF No. 25.  This is a dismissal pursuant to 1915(g).

4.      <u>McCoy v. Alameida</u>, 09-16500 (9th Cir.)

On March 10, 2010, the Ninth Circuit issued an order finding that the questions raised in the appeal were "so insubstantial as not to require further argument."  ECF No. 11.  This is a dismissal pursuant to 1915(g).  <u>Martini v. U.S. Dept. Justice</u>, 303 Fed.Appx. 477, 478 (9th Cir. 2008) (finding questions raised on appeal so insubstantial as to not require further argument, and therefore finding appeal frivolous).

5.      <u>McCoy v. Roe</u>, 2:03-cv-02393-VAP-AJW (C.D. Cal.)

On April 14, 2011, the Court issued Findings and Recommendations that Plaintiff's Fourth Amended Complaint be dismissed for failure to state a claim.  On June 30, 2011, the Findings and Recommendations were adopted in full.  ECF No. 212.  This is a dismissal pursuant to 1915(g).

6.      McCoy v. Roe, 11-56238 (9th Cir.)

On February 19, 2013[4], the Ninth Circuit affirmed the District Court's dismissal in 2:03-cv-02393-VAP-AJW (above), holding that the District Court properly dismissed Plaintiff's claims. Defendants contend that this counts as a strike because the Ninth Circuit's grounds for affirmation rest on the same legal grounds as the District Court's dismissal for failure to state a claim.  However, simply because the Ninth Circuit agrees with the District Court's ultimate conclusion does not necessarily mean that Plaintiff's challenge was frivolous.  The Court declines to count this appeal as a strike.

Based on the above, the Court finds that Plaintiff has at least five strikes pursuant to 1915(g). Plaintiff does not argue otherwise, and he will only be allowed to proceed in forma pauperis if, at the time of the filing of this action, he was under imminent danger of serious physical injury.

2.      Imminent Danger of Serious Physical Injury

a.      *Relevant Complaint*

As an initial matter, Plaintiff argues that his amended complaint superseded his original complaint, and therefore his original complaint no longer serves any function in this case.  When the Court found that his amended complaint stated a claim, Plaintiff believes that he somehow passed a hurdle that precludes this motion.  Plaintiff also uses this argument to support his belief that the Court lacks subject matter jurisdiction to consider this motion.

While Plaintiff is correct that an amended complaint generally supersedes the original complaint, he is incorrect in concluding that his original complaint has no bearing on the outcome of this motion.  Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed.  Andrews, 493 F.3d at 1052.  The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head."  Id. at 1056.  The Ninth Circuit found that "requiring a prisoner to 'allege [ ] an ongoing danger' ... is the most sensible way to interpret the imminency requirement."  Id. (quoting Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998) (per curiam)).  "[A] plaintiff has 'brought' an action for

4

the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal, 531 F.3d at 1152.

The proper complaint to examine is not the amended complaint, but the original complaint, for that is when Plaintiff initiated, or brought, his civil action. Thus, the Court will examine Plaintiff's complaint, filed on June 19, 2012, for the purposes of determining whether, *at the time he initiated this action*, he was under imminent danger of serious physical injury.

      b.   *Analysis*

Plaintiff's complaint alleges that he depends on a wheelchair and, according to outside medical experts, is terminally ill. His allegations begin in June 2009, and set out medical issues related to an infection in his right foot. He alleges that the treatment he received was not sufficient and that he was often denied treatment and/or appropriate foot protection. On December 21, 2009, Plaintiff was diagnosed with disseminated coccidiomycosis.

Plaintiff alleges that his infection remained untreated due to Defendants' decision to treat him with "highly questionable" Amphotericin B solution, which was not approved by the Food and Drug Administration and "increases Plaintiff's inevitable death." ECF No. 1, at 16. Plaintiff also alleges that he has been denied footwear to protect against bacteria and has not received treatment for severe complications.

Plaintiff's complaint also includes allegations related to the inmate appeals process and accommodations under the Americans with Disabilities Act.

Defendants suggest that Plaintiff's allegations are conclusory and contradictory, and "do not plausibly state whether Plaintiff is in imminent danger." Mot. 6. The Court disagrees. While Plaintiff may be exaggerating the likelihood of his death, he has clearly alleged that he has a serious medical disease for which he is not receiving treatment. Based solely on the allegations in his complaint, the Court finds that Plaintiff has alleged an ongoing and imminent danger and should be entitled to proceed in forma pauperis in this action.[1]

---

[1] As Defendants point out, Plaintiff's opposition includes allegations that are not included in his complaint. The Court has not considered these allegations.

5

III.     **FINDINGS AND RECOMMENDATIONS**

Accordingly, based on the above, the Court recommends that:

1.     Defendants' Motion to Revoke Plaintiff's In Forma Pauperis be DENIED; and

2.     Defendants be REQUIRED to file a responsive pleading within fifteen (15) days after adoption of these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies may be filed with fourteen (14) days of service of objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 3, 2014**                      /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE