1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAY McCOY,<br><br>        Plaintiff,<br><br>   v.<br><br>GONZALES, et al.,<br><br>        Defendants. | Case No.: 1:12cv00983 AWI DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br>(Document 49)<br><br>THIRTY-DAY OBJECTION DEADLINE |

     Plaintiff Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on June 19, 2012. This action is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann.

     Defendants filed an answer on August 6, 2014, and the action is currently in the discovery phase.

     On July 14, 2014, Plaintiff filed a motion for injunctive relief. Defendants opposed the motion on August 5, 2014. Plaintiff did not file a reply, and the motion is submitted pursuant to Local Rule 230(l).

1

**DISCUSSION**

A.   Legal Standard

A preliminary injunction is an extraordinary remedy never awarded as of right.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted).  For each form of relief sought in federal court, Plaintiff must establish standing.  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

B.   Analysis

Plaintiff's motion sets forth one specific claim for relief- Plaintiff contends that Defendants have failed to issue "footwear conducive to meet his serious medical needs" and that as a result, he has received numerous Rules Violation Reports for failing to report to work.  He states that he is being "forced to labor without issuance" of appropriate footwear. ECF No. 49, at 5-6.  Plaintiff requests an order from the Court directing Defendant Tann's successor to ensure that he is issued appropriate footwear to "enable him to safely participate in work, education and vocational assignment, including

2

but not limited to 'transportation, medical appointment, meal and personal hygiene which have been left untreated for approximately five years and counting." ECF No. 49, at 6-7.

In his attached declaration, Plaintiff states that he only has "state-issued socks" to protect his feet because "any attempt to place state issued boots/tennis shoes on [his] feet" causes swelling, irritation and pain. ECF No. 49, at 11.

This action, which forms the basis of the requirements for injunctive relief, is proceeding on Plaintiff's claims related to medical care he received for his foot in 2009. Therefore, Plaintiff's complaints about Rules Violations Reports received for various reasons are outside of the scope of this litigation and cannot be addressed herein.

Insofar as Plaintiff's complaints relate to medical care for his foot, he has not shown that he is under threat of actual and imminent injury, and that such threat is fairly traceable to any Defendant. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969. Plaintiff contends that he needs appropriate footwear "conducive to his serious medical needs," and that when he attempts to place state-issued footwear on his feet, they become swollen, irritated and painful. EFC No. 49, at 6, 11. However, there is no evidence that Plaintiff requires any additional footwear. Plaintiff's exhibits are comprised mainly of Rules Violation Reports from 2009 through 2013 for failing to report to work, and he submits no medical evidence to demonstrate that he is, in fact, threatened with a concrete and particularized injury from any Defendant.[1]

---

[1] Defendants object to Plaintiff's evidence as unauthenticated and irrelevant, and because some documents contain hearsay. Defendants' objections are overruled. While the records are subject to authentication under Rule 901(b)(6), the Court notes the absence of any evidence or argument suggesting the existence of a legitimate challenge to the records on authentication grounds. See Chamberlain v. Les Schwab Tire Center of California, Inc., No. 2012 WL 6020103, at *2 (E.D. Cal. 2012) (citing Burch v. Regents of Univ. of California, 433 F.Supp.2d 1110, 1120 (E.D. Cal. 2006)) (rejecting "purely procedural" authentication objection). Moreover, the Court is not relying on statements other than those made by Plaintiff.

**RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Injunctive Relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 25, 2014**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE