# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>    vs.<br><br>STRONACH, et al.,<br><br>    Defendants. | 1:12cv00983 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE<br><br>(Document 66) |

Plaintiff Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on June 19, 2012. This action is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann.

The action is currently in discovery.

On November 5, 2014, Defendants filed a timely motion for summary judgment based on exhaustion. The motion is pending.

On November 7, 2014, Plaintiff filed a motion to strike certain documents in Defendants' initial disclosures. Specifically, he argues that Defendants have provided documents in their initial disclosures that relate to dates not at issue in the complaint, i.e., before June 2009 and after December 2009. Plaintiff also complains that Defendants did not obtain his authorization to

1

disclose copies of his Unit Health Record. He contends that the documents are not relevant and should be stricken.

Plaintiff's motion is basically a contention that Defendants have provided *too many* documents in their initial disclosures. Contrary to Plaintiff's belief, documents may be relevant to claims and defenses even if they relate to a time period not at issue. In fact, the Court appreciates Defendants' attempt to provide such discovery to Plaintiff. While Plaintiff may not necessarily like the information contained in the documents, his dislike does not mean that the documents are not relevant, or that they should be stricken.

Moreover, the documents at issue do not appear to be before the Court. The only pending motion is Defendants' motion for summary judgment based on exhaustion. When documents are not relied upon as evidence either in motion practice or at trial, they cannot be stricken from the record.

If and when the documents become relevant to a motion before the Court, Plaintiff may raise his relevancy arguments at that time.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **November 13, 2014**              /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE