# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>        Plaintiff,<br><br>    vs.<br><br>STRONACH, et al.,<br><br>        Defendants. | 1:12cv00983 AWI DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND STAYING MERITS-BASED DISCOVERY<br>(Document 68)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME AS MOOT<br>(Document 70) |

Plaintiff Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on June 19, 2012. This action is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann.

The action is currently in discovery.

On November 5, 2014, Defendants filed a timely motion for summary judgment based on exhaustion. The motion is pending.

On November 10, 2014, Defendants filed a motion for a protective order. The Court deems the motion suitable for decision without an opposition pursuant to Local Rule 230(l).

1

**DISCUSSION**

The Court is vested with broad discretion to manage discovery. <u>Dichter–Mad Family Partners, LLP v. U.S.</u>, 709 F.3d 749, 751 (9th Cir.2013); <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 616 (9th Cir.2012). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed.R.Civ.P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, <u>Little v. City of Seattle</u>, 863 F.2d 681, 685 (9th Cir.1988) (stay of discovery pending resolution of immunity issue).

Pursuant to the procedure set forth in <u>Albino v. Baca, 747 F.3d 1162</u> (9th Cir. 2014), motions for summary judgment are now required for raising exhaustion issues. This means that based on the Court's general practice, merits-based discovery will have opened prior to the time Defendants are required to file an exhaustion challenge.

In this case, discovery opened on August 7, 2014. Between the commencement of discovery and Defendants' November 5, 2014, motion for summary judgment based on exhaustion, Plaintiff has propounded two sets of Requests for Production of Documents and one set of Requests for Admissions.[1] ECF No. 70.

Here, the pending motion for summary judgment is potentially dispositive of all claims in this case and could render Plaintiff's discovery requests moot. Moreover, Defendants have not delayed in requesting a protective order.[2] In such cases, the Court finds good cause to grant the protective order relating <u>only</u> to merits-based discovery. <u>Albino</u>, 747 F.3d at 1170 ("If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning

---

[1] The Discovery and Scheduling Order required that motions for summary judgment based on exhaustion be filed by November 5, 2014.

[2] The Court notes that Defendants filed a request for reconsideration of the initial disclosure requirement of the Discovery and Scheduling Order on August 22, 2014. However, while the request was pending, Defendants timely served their initial disclosures on Plaintiff. Accordingly, there was no resulting delay in discovery.

exhaustion, leaving until later-if it becomes necessary-discovery directed to the merits of the suit.").

Plaintiff will not be prejudiced as to the pending motion because, if he believes that discovery related to exhaustion is necessary, he may file a request pursuant to Rule 56(d). Any such request must be filed thirty days (30) days of the date of service of this order. Otherwise, Plaintiff must file his opposition to Defendants' motion for summary judgment within thirty (30) days of the date of service of this order.

Accordingly, Defendants' motion is GRANTED as to merits-based discovery, and Defendants are relieved from responding to discovery already served by Plaintiff. Merits-based discovery is also stayed at this time. If any of Plaintiff's claims survive the exhaustion challenge, the Court will issue an amended scheduling order allowing additional time for discovery related to the remaining claims.

As the Court has granted the protective order, Defendants' request for additional time to respond to Plaintiff's discovery is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: **December 2, 2014**                    /s/ *Dennis L. Beck*
                                                                         UNITED STATES MAGISTRATE JUDGE