# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>        Plaintiff,<br><br>   vs.<br><br>STRONACH, et al.,<br><br>        Defendants. | )   1:12cv00983 AWI DLB PC<br>)<br>)   ORDER DENYING PLAINTIFF'S<br>)   MOTION TO ENFORCE PROTECTIVE<br>)   ORDER<br>)<br>)   (Document 80)<br>)<br>)<br>) |

     Plaintiff Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on June 19, 2012. This action is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann.

     Defendants' November 5, 2014, motion for summary judgment based on exhaustion is pending. After extensions of time for both parties, the reply is currently due on March 23, 2015.

     On January 5, 2015, the Court granted Defendants' motion for a protective order and stayed all merits-based discovery pending resolution of the exhaustion issue.

     On February 17, 2015, Plaintiff filed a motion for "enforcement" of the protective order. The Court deems the matter suitable without an opposition pursuant to Local Rule 230(l).

1

## DISCUSSION

Without question, the Court has authority to enforce its own orders. However, Plaintiff's motion does not necessarily demonstrate that Defendants have violated the order staying merits-based discovery. This action proceeds on Plaintiff's claims relating to medical care he received for his foot in 2009, and any discovery on the merits of the action would be directed at that issue.

In his motion, Plaintiff states that Defendants have made repeated attempts to conduct "deposition-based interviews." ECF No. 80, at 1. He states that unknown officers are issuing priority ducats instructing him to participate in interviews with "Defendants' successors in office/post." ECF No. 80, at 2. He also states that he has been ordered to interview with "persons hired by or under the supervision of the States' Attorney General's Office such as psychologists and psychiatrists. . ." ECF No. 80, at 6. However, the only explanation given by Plaintiff as to what occurred at any interview appears to be related to his Board of Parole hearing. Specifically, Plaintiff states that he was forced to give a urine sample.

There is no indication, therefore, that Defendants or their attorneys have attempted to obtain merits-based discovery, either formally or informally. Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: __**February 22, 2015**__          /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE