# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>v.<br><br>STRONACH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF BE DENIED<br><br>[ECF No. 133] |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction and declaratory relief, filed May 13, 2019.

**I.**

**DISCUSSION**

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the

1

defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998).

This action is proceeding on Plaintiff's claim that Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tran were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Plaintiff specifically contends that medical staff failed to treat an infection in his right foot which caused prolonged pain and injury.

In his current motion for a preliminary injunction, Plaintiff seeks an injunction to prevent his placement in the non-designated program facility at California State Prison, Corcoran. The non-designated program facility Plaintiff contends that Stu Sherman intends to conduct an annual classification committee hearing on May 28, 2019, to impose upon Plaintiff a transfer to the non-designated programing facility in retaliation for his persistent activation of his rights under the First Amendment, which will subject Plaintiff to cruel and unusual punishment. Plaintiff contends that "the implementation of the non-designated programming facility is to trick, threaten, and force inmates classified as 'sensitive needs" (protective custody" to not only accept housing on the same yard as inmates in 'general population' or be subjected to disciplined [sic] for refusal which includes but not limited to an increase in custody classification, segregation and transferred [sic] to a facility with higher security levels." (Mot. at 2, ECF No. 133.)

///

2

The Court lacks jurisdiction to issue the order requested by Plaintiff because it would require a person (Shu Sherman) who is not a Defendant in this action, and who is not before the Court, to act or refrain from acting, on Plaintiff's behalf. Further, the Court cannot grant Plaintiff's request for relief because it would not address the claim at issue in this lawsuit. The pendency of this action does not give the Court jurisdiction over prison personnel in general. Summers, 555 U.S. at 492-93; Mayfield, 599 F.3d at 969. Rather, the Court's jurisdiction is limited to the parties in this action and to the cognizable legal claim upon which it proceeds, i.e. deliberate indifference to Plaintiff's medical needs. Summers, 555 U.S. at 493.[1]

Plaintiff also seeks a declaration that his rights were violated. Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005). Accordingly, Plaintiff's request for declaratory relief should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction and declaratory relief be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

///
///
///
///

---

[1] Further, Plaintiff cannot seek to amend the complaint to add Warden Shu Sherman as a Defendant by way of filing a request for a preliminary injunction. See Fed. R. Civ. P. 15(a); Local Rule 137(c).

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 16, 2019**

_____
UNITED STATES MAGISTRATE JUDGE