**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>STRONACH, et al.,<br><br>Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA<br><br>[ECF No. 139] |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claim that Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tran were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

On May 31, 2019, Plaintiff filed a request for subpoena. In accordance with the general practice in cases such as this, the request was filed as a motion.[1]

This case is currently in the discovery phase and the deadline for the completion of all discovery is set for October 2, 2019. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information,

---

[1] Because Plaintiff lacks entitlement to the subpoena duces tecum and there is no prejudice to Defendants, the Court elects to resolve the motion without waiting for Defendants to file a response. Local Rule 230(*l*).

1

and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

In this instance, Plaintiff has not demonstrated that he sought the information from Defendants through a request for the production of documents, electronically stored information, and/or tangible things, and, if he has done so, he has not filed a motion to compel the production of the information.  Plaintiff is advised that discovery requests between the parties are not to be filed with the Court, unless and until there is a dispute.  Accordingly, Plaintiff's motion for the issuance of a subpoena is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 3, 2019**

UNITED STATES MAGISTRATE JUDGE