UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>      Plaintiff,<br><br>v.<br><br>STRONACH, et al.,<br><br>      Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, FILED JULY 15, 2019<br><br>[ECF No. 145] |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed July 15, 2019.

**I.**

**BACKGROUND**

This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 25, 2019, the Court issued an amended scheduling order, and the deadline for completion of all discovery is October 2, 2019. (ECF No. 129.)

///

///

1

As previously stated, Plaintiff filed a motion to compel on July 15, 2019. Defendants filed an opposition on August 6, 2019. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 52, Discovery and Scheduling Order, ¶IV. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Here, Plaintiff's motion to compel involves three separate document requests seeking two documents. The first request for production seeks Rules Violation Report (RVR) Log No. CSATF-SP-B-09-08-010, dated August 13, 2009, along with the corresponding incident reports. The second request for production seeks RVR Log No. CSATF-SP-B-09-08-016, dated August 25, 2009, along

with the corresponding incident reports.[1] The third request for production seeks the same two documents requested above.

Defendants submit that since this case has been remanded from the Ninth Circuit, Plaintiff has propounded ten (10) sets of discovery on all Defendants, including the following dates: 5/7/19, 5/16/19 (x2), 6/30/19, 7/3/19, 7/11/19, 7/16/19 (x2), 7/17/19, and 7/20/19. (Declaration of William McCaslin ¶ 3, ECF No. 148.) Defendants responded to Plaintiff's discovery request on June 7, 2019, and produced RVR Log No. CSATF-SP-B-09-08-010, dated August 13, 2009, along with the corresponding reports. (ECF No. 145, Ex. B.) Defendants then produced a supplemental response on June 11, 2019, including RVR Log No. CSATF-SP-B-09-08-016, dated August 25, 2009, along with the corresponding reports. (Id., Ex. D.)

Because Plaintiff has received a copy of both the RVRs as requested, there is nothing more for Defendants to produce.[2] Accordingly, Plaintiff's motion to compel, filed July 15, 2019, is denied.

IT IS SO ORDERED.

Dated: **August 21, 2019**

UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants submit that these document requests are duplicative of discovery requests sent from Plaintiff to Defendants on October 22, 2014. (Declaration of William McCaslin, Ex. A, Doc. Req. No. 12.)

[2] Plaintiff's appears to object to the lack of certification of the documents. However, Plaintiff is advised signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Moreover, the Court recognizes that Plaintiff may be disinclined to accept Defendants' discovery responses at face value, he is in a position no different than any other civil litigant: he is required to accept legally sufficient discovery responses. Mere distrust and suspicion do *not* form a legitimate basis to further challenge facially sufficient discovery responses, and Plaintiff is entitled to seek additional and/or different evidence in support of discovery responses already provided or to expand the scope of discovery beyond that sought in the initial discovery request. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).