| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **EASTERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| JOSEPH RAYMOND MCCOY, | Case No.: 1:12-cv-000983-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, FILED AUGUST 2, 2019 |
| STRONACH, et al., | [ECF No. 146] |
| Defendants. | |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed August 20, 2019.

**I.**

**BACKGROUND**

This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 25, 2019, the Court issued an amended scheduling order, and the deadline for completion of all discovery is October 2, 2019. (ECF No. 129.)

1         As previously stated, on August 2, 2019, Plaintiff filed a motion to compel. Defendants filed an opposition on August 26, 2019. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.

## DISCUSSION

        Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 54, Discovery and Scheduling Order, ¶IV. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Here, the discovery at issue is Plaintiff's third set of requests to produce documents after the case was remanded from the Ninth Circuit. Defendants submit that Plaintiff did not state a set number for each set of requests, and although the responses were initially marked Set Two, it was later determined these were actually Set Three.

In the third set of requests to produce which were propounded on Defendants on May 16, 2019, stating the following:

> Any and all records, documents, or electronically stored information, including writings, drawings, graphs, photographs, sound recordings, images, and other date or date compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.
>
> Plaintiff hereby request any and all information, records of medical reports, orders, diagnosis, and prognosis maintained in his health unit records for the following date between June and December 2009 relevant to the allegations contained in his first amended complaint, including but not limited to the actual disposition of any crime/incident reports, safety coordinator reports pertaining to the dates alleged in Plaintiff's (FAC) between June and December 2009 relevant to Plaintiff's claim of "deliberate indifference to his serious medical needs.

(Declaration of William McCaslin, Ex. A; ECF No. 152-1.)

In response, Defendants timely responded as follows:

> Objection. The requested documents are equally available to Plaintiff. Further objection is made that the request is vague as to "relevant to the allegations contained in his first amended complaint," as that is a subjective guidelines based on Plaintiff's own understanding and contentions of his claims. Subject to these objections and without waiver, answering Defendants respond as follows: Plaintiff can request to review his own medical records where he is currently incarcerated pursuant to Title 15 section 3450 and California Health & Safety Code section 123100. As well, relevant medical records have been produced in Defendants' initial disclosures and should be in possession of Plaintiff.

(Id., Ex. B.)

In the instant motion to compel, Plaintiff seeks "certified" copies of records. However, as Plaintiff was advised in the Court's August 22, 2019, order "signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B), as are other signed filings presented to the Court, Fed. R. Civ. P. 11(b). In addition, Defendants submit that relevant medical records from Plaintiff's UHR have previously been produced to him in the initial disclosures and supplemental disclosures, and are available if he chooses to request them directly from the California Department of Corrections and Rehabilitation. Furthermore, it is not clear what further responses or documents Plaintiff seeks through this motion beyond certification of the documentation. Accordingly, the Court finds no basis to warrant a further response by Defendants, and because this is Plaintiff's second unsubstantiated

4

motion to compel, Plaintiff is advised to refrain from filing improper motions that seek documentation already in Plaintiff's possession, custody or control. Accordingly, Plaintiff's motion to compel, filed August 2, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **September 10, 2019**

UNITED STATES MAGISTRATE JUDGE