**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH RAYMOND MCCOY, | ) Case No.: 1:12-cv-000983-AWI-SAB (PC) |
| Plaintiff, | )<br>) |
| v. | ) ORDER DENYING PLAINTIFF'S MOTION<br>) FOR PROTECTIVE ORDER |
| STRONACH, et al., | )<br>) [ECF No. 150] |
| Defendants. | )<br>) |
| _____ | ) |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a protective order, filed August 21, 2019.

**I.**

**BACKGROUND**

This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 25, 2019, the Court issued an amended scheduling order, setting the deadline for completion of all discovery for October 2, 2019, and the deadline for filing dispositive motions for December 2, 2019.

As previously stated, on August 21, 2019, Plaintiff filed a motion for a protective order. Defendant Gonzalez filed an opposition on September 11, 2019, and Plaintiff filed a reply on September 25, 2019.

## II.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Options available to the court include, among other thing, forbidding the disclosure of discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters, or requiring that confidential information not be revealed or be revealed only in a specified way. Id.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211-12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Westmoreland v. Regents of the Univ. of California, No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019). "[T]he existence of good cause for a protective order 'is a factual matter to be determined from the nature and character of the information sought … weighed in the balance of the factual issues involved in each action.'" White v. Smyers, No. 2:12-cv-02868 MCE AC P, 2015 WL 1750964, at *4 (E.D. Cal. Apr. 16, 2015) (quoting Wright et al., 8A Fed. Prac. & Prot. Civ. § 2035 (3d ed. 2014)).

Here, Plaintiff seeks a motion for a protective order forbidding inquiry into his criminal history. Defendant submits that on August 2, 2019, he propounded interrogatories which are the

subject of the instant action, and Plaintiff responded on September 1, 2019. Plaintiff did not attach the

pertinent discovery; however, Defendant has attached both the interrogatories and the responses.

(Declaration of William McCaslin, Exs. A & B, ECF No. 157-1.) Plaintiff seeks to prohibit inquiry

into his prison commitment offense and criminal history. (Mot. at 1, ECF No. 150.)

The pertinent discovery request and response are as follows:

INTERROGATORY NO. 1:

Please state each and every felony for which you have been convicted.

RESPONSE TO INTERROGATORY NO. 1:

Objection. Relevance, Lack Subject-Matter Jurisdiction and Jurisdiction over the parties.
Plaintiff further object on the ground that this interrogatories violate United States
Constitution Fifth Amendment against "Self Incrimination" and is not properly before
this court.

(Declaration of William McCaslin, Exs. A& B.)

It is clear that Plaintiff objected to this interrogatory and did not provide a substantive

response. Therefore, at this juncture, it is not clear why a protective order is necessary because no

response was provided to Defendant and no motion to compel a response has been filed. Furthermore,

if Defendant files a motion to compel a substantive response, Plaintiff will have an opportunity to

oppose the motion and argue why the discovery is not proper. Therefore, Plaintiff has failed to

demonstrate good cause for a protective order. To the extent Plaintiff is seeking a protective order

against Defendant for a perceived discovery violation, it is denied as there is no showing of a

violation. Accordingly, Plaintiff's motion for a protective order, filed on August 21, 2019, is

DENIED.


IT IS SO ORDERED.

Dated:  __**October 4, 2019**__                    _____

UNITED STATES MAGISTRATE JUDGE