UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>STRONACH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER FOR LIMITED ADMISSIBILITY<br><br>[ECF No. 153] |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for court order for limited admissibility, filed September 6, 2019. Defendants filed an opposition on September 30, 2019. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

Plaintiff filed the instant motion regarding two Rules Violation Reports (RVRs), seeking to "restrict the evidence to its proper scope and instruct the jury accordingly." (Mot. at 1, ECF No. 153.) Plaintiff received the first RVR on August 13, 2009, for Destruction of State Property, namely a wheelchair that Plaintiff claimed the need for in and around August 2009 due to his foot problems. (Mot., Ex. A.) Plaintiff received the second RVR on August 25, 2019, for Manipulation of Staff for "throwing himself onto the ground landing on his right side." (Id., Ex. B.)

This action is proceeding on Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, between June 11, 2009 and December 21, 2009, while he was incarcerated at California Substance Abuse and Treatment Facility (CSATF) in Corcoran, California. Both of the RVRs relate to Plaintiff's claims that he was not provided adequate medical care.

Federal Rule of Civil Procedure 26 provides guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Here, although Plaintiff submits that he was found not guilty of the August 25, 2019 violation, for manipulation of staff, he provides no authority to limit the information at this juncture. Indeed, Plaintiff does not specify what limitations to be placed on the admissibility of the RVRs. Rather, Plaintiff merely cites his information and belief. However, information may be discoverable even if not admissible. Accordingly, Plaintiff's motion for court order of limited admissibility is DENIED.

IT IS SO ORDERED.

Dated: **October 16, 2019**

UNITED STATES MAGISTRATE JUDGE