# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>v.<br><br>STRONACH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENAS<br><br>[ECF No. 161] |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for subpoenas, filed September 13, 2019. Defendants filed an opposition on October 7, 2019, and Plaintiff filed a reply October 18, 2019. Local Rule 230(l).[1] Plaintiff's request must be denied.

Plaintiff seeks "a writ commanding J. Barba, Litigation Coordinator, at CSATF-SP Corcoran California. 93212-7100, his successor in office, or other persons authorized to authenticate by certificate under seal, plaintiff's grievances/appeals doc[u]ments from plaintiff's central files. [¶] Plaintiff also request for issuance of subp[oe]na, a writ commanding M. Titon, custodian of records of plaintiff's Unit Health Records, specifically, authenticate by certificate under seal, any and all

---

[1] Plaintiff argues that Defendants' opposition filed on October 7, 2019, is untimely by 3 days. However, Plaintiff is advised that although his request for subpoenas was file stamped by the clerk of court it was not entered into the court's electronic case management/filing system and served on Defendants until September 16, 2019, which is the date that triggers the deadline to file an opposition. Local Rule 135.

1

information relating to, Americans with Disabilities Act, Mental Health, Medical reports, records and files su[b]ject to disclosure or discovery pertaining to and including the dates al[l]eged in plaintiff's First Amended Complaint as well as predating the events which led up to the service and filing of this action." (Mot at 1, ECF No. 161.)

As Plaintiff was previously advised in the Court's June 3, 2019, denying his prior request for issuance of subpoenas:

> Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

(Order at 1:24-2:10, ECF No. 140.)

In the instant motion, Plaintiff again has failed to demonstrate that he has requested documents from the parties, but was otherwise not able to receive them. In addition, with regard to documents form his own unit health records, Plaintiff is advised he can request to review his own records at his place of incarceration. Cal. Code Regs. tit. 15, § 3450. Moreover, Plaintiff's requests are overbroad and not limited to the issue before the Court. Furthermore, the discovery deadline expired on October 2, 2019. Accordingly, Plaintiff's request for the issuance of subpoenas is denied.

IT IS SO ORDERED.

Dated: **October 21, 2019**

UNITED STATES MAGISTRATE JUDGE

2