**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH RAYMOND MCCOY, | Case No.: 1:12-cv-000983-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY |
| STRONACH, et al., | [ECF No. 168] |
| Defendants. | |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an order compelling disclosure or discovery, filed on September 27, 2019.

**I.**

**BACKGROUND**

This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 25, 2019, the Court issued an amended scheduling order. (ECF No. 129.)

1

As previously stated, on September 27, 2019, Plaintiff filed the instant motion for an order compelling disclosure or discovery. Defendants filed an opposition on October 18, 2019.

**II.**

**DISCUSSION**

Plaintiff is proceeding pro se and is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 54, Discovery and Scheduling Order, ¶IV. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery

responsibilities cannot be condoned. <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack</u>, 2011 WL 6703958, at *3; <u>Mitchell</u>, 2010 WL 3835765, at *2; <u>Ellis</u>, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002).

Here, the discovery at issue is Plaintiff's first set of interrogatories and requests to produce documents after the case was remanded from the Ninth Circuit. These discovery requests were propounded on Defendants on July 28, 2019. (Declaration of William McCaslin, Ex. A; ECF No. 183.) Defendants timely responded to this set of discovery which included responsive documents and objections based on improper joinder of interrogatory questions and requests to produce documents for each of the discovery requests. (<u>Id.</u> Ex. B.)

By way of the instant motion, Plaintiff again seeks "certified" copies of records. However, as stated in the Court's August 22, 2019, order denying Plaintiff's first motion to compel, "Plaintiff is advised signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry … Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff." (ECF No. 148, Order at 4 n. 2.) Plaintiff also makes vague reference to seek production of "public hazard, performance, and bid bonds." (Pl's Mot. at 4, ECF No. 168.) However, in addition to answering Plaintiff's interrogatories, Defendants have produced duty statements responsive to Plaintiff's requests for documentation. (Declaration of William McCaslin, Ex. B.) Therefore, it is not clear what further response or documents Plaintiff seeks, and Plaintiff's current motion for an order compelling disclosure or discovery, filed on September 27, 2019, is DENIED. As this is Plaintiff's third baseless motion seeking to compel further responses to discovery by Defendants, Plaintiff is cautioned that he should refrain from filing frivolous motions seeking items already in his possession, previously produced through discovery, or for which his discovery requests have already been satisfied.

IT IS SO ORDERED.

Dated: **October 29, 2019**

UNITED STATES MAGISTRATE JUDGE