**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH RAYMOND MCCOY, | ) Case No.: 1:12-cv-000983-AWI-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) FOR LEAVE TO CONDUCT DEPOSITIONS |
| | ) BY WRITTEN QUESTIONS |
| STRONACH, et al., | ) |
| | ) [ECF No. 171] |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for leave to conduct depositions by written questions, filed September 30, 2019.

**I.**

**BACKGROUND**

After this Court granted summary judgment to Defendants based on a failure to exhaust the administrative remedies, Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit found in favor of Plaintiff on the exhaustion issue, and remanded the case back to this Court.

///

1

1    This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher,

2 Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth

3 Amendment.

4    On April 25, 2019, the Court issued an amended scheduling order.  (ECF No. 129.)

5    As previously stated, on September 30, 2019, Plaintiff filed a motion for leave to conduct

6 depositions by written questions.  Defendants filed an opposition on October 21, 2019.  The Court

7 deems the matter suitable without a reply pursuant to Local Rule 230(l).

8                                              **II.**

9                                **DISCUSSION AND ORDER**

10    There is no entitlement to take a deposition and to do so, a party must comply with the Federal

11 Rules of Civil Procedure.  Depositions by written questions entail more than mailing questions to the

12 deponents and awaiting their written responses.  Rather, an officer must be retained to take responses

13 and prepare the record.  Fed. R. Civ. P. 31(b).  Plaintiff is proceeding in forma pauperis, and his motion

14 does not suggest an understanding of the requirements for conducting a deposition by written questions

15 or the ability and willingness to pay an officer to take the responses for the record.  Furthermore,

16 discovery closed in this matter on October 2, 2019, with the exception of Plaintiff's deposition.  (ECF

17 No. 177.)  In addition, Plaintiff seeks more than ten depositions in violation of Federal Rule of Civil

18 Procedure 30(a)(2).  Moreover, Plaintiff seeks to depose non-parties, who must be subpoenaed under

19 Federal Rule of Civil Procedure 45.  Lastly, Plaintiff fails to demonstrate good cause to take any of the

20 depositions by written questions. Fed. R. Civ. P. 31(2)(B).  Accordingly, Plaintiff's motion for leave to

21 conduct depositions by written questions is (ECF No. 171) is DENIED.

22

23 IT IS SO ORDERED.

24 Dated:    **November 7, 2019**    _____

25                                    UNITED STATES MAGISTRATE JUDGE

26

27

28