**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>   Plaintiff,<br><br> v.<br><br>STRONACH, et al.,<br><br>   Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION<br><br>[ECF No. 181] |

 Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

 On October 17, 2019, Plaintiff filed a motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a). Defendants filed an opposition on November 7, 2019. The Court deems the matter suitable for review without a reply from Plaintiff. Local Rule 230(l).

**I.**

**DISCUSSION**

 Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." See 28 U.S.C. § 455(a), (b)(1). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with

1

respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." United States v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008).

On September 13, 2019, Plaintiff filed an application for an order for enforcement of administrative agency judgment and request for judicial notice in the United States Court of Appeals for the Ninth Circuit, case number 15-17148. Plaintiff contends the filing divested this Court of jurisdiction and therefore the undersigned has no authority to proceed with the case. First, Plaintiff's September 13, 2019, motion was denied by the Ninth Circuit on November 4, 2019. (ECF No. 194.) Second, Plaintiff has failed to demonstrate that the undersigned exhibits bias or prejudice towards him. Plaintiff's allegations of bias or prejudice stem from the Court's procedures and rulings. However, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky v. United States, 510 U.S. 540, 555 (1994). Accordingly, Plaintiff's motion for disqualification must be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for disqualification of the undersigned (ECF No. 181) is DENIED.

IT IS SO ORDERED.

Dated: **November 8, 2019**

UNITED STATES MAGISTRATE JUDGE