**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRONACH, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE<br><br>[ECF Nos. 187, 191] |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a change of venue, filed October 21, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 25, 2019, the Court issued an amended scheduling order. (ECF No. 129.)

As previously stated, on October 21, 2019, Plaintiff filed a motion for change of venue. (ECF Nos. 187, 191.) Defendants filed an opposition on November 12, 2019. (ECF No. 199.) Plaintiff did not file a reply.

1

# II.
# DISCUSSION

Venue is governed by 28 U.S.C. § 1391 which provides that a civil action, other than one based on diversity, be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Where a court finds that venue is proper, it may still transfer an action to another district in which it could have been brought "[f]or the convenience of the parties and witnesses, [or] in the interest of justice[.] 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

Once the court has determined that venue is proper, the moving party must present strong grounds for transferring the action. Safarian v. Maserati N. Am., Inc., 559 F.Supp.2d 1068, 1071 (C.D. Cal. 2008). In making the inquiry regarding whether the action should be transferred, "the court should consider private and public interest factors affecting the convenience of the forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

# III.
# DISCUSSION

Plaintiff seeks a transfer to the United States District Court for the Northern District of California because he contends he cannot receive a fair jury trial in this Court.

Venue is appropriate in the United States District Court for the Eastern District of California, Fresno Division, in this case. Plaintiff asserts claims regarding events that occurred at the California Substance Abuse Treatment Facility in Corcoran, California, against Defendants who are allegedly employed at that institution and reside in this district. See Local Rule 120(d).

The Court does not find that the relevant factors weigh in favor of transferring this action to Plaintiff's preferred district here. Plaintiff has failed to establish that any Defendant resides in the Northern District of California. Thus, there is no basis to transfer venue under 28 U.S.C. § 1406(a).

Similarly, the expected witnesses and other evidence are likely to be located in this district, not in the Northern District of California. Plaintiff has not presented any arguments or evidence that judicial economy regarding these factors is best served by a change of venue. "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify[.]" Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013). See also Welenco, Inc. v. Corbell, No. CIV. S-13-0287 KJM, 2014 WL 130526, at *7 (E.D. Cal. Jan. 14, 2014) ("Convenience of nonparty witnesses is often the most important factor in the section 1404(a) calculus.").

Public interest factors also weigh in favor of denying a change of venue here, such as the local interests in deciding local controversies, and the need to avoid burdening citizens in an unrelated forum with jury duty. See Park, 964 F. Supp. 2d at 1096. As noted above, the incidents alleged in this action happened in Corcoran, California, in this district, and thus local interests weigh in favor of having the matter decided here.

Furthermore, as stated in the Court's November 12, 2019, order denying Plaintiff's motion to disqualify the undersigned, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky v. United States, 510 U.S. 540, 555 (1994). Plaintiff's sole reason for a change of venue is based on prior judicial rulings. Accordingly, Plaintiff has not met his burden of demonstrating a strong showing to justify transferring this action to the Northern District of California.

///
///
///
///
///
///
///
///

## IV.
## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for change of venue, filed October 21, 2019 (ECF No. 191), is DENIED.

IT IS SO ORDERED.

Dated: **December 17, 2019**

UNITED STATES MAGISTRATE JUDGE