UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRONACH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, FILED ON SEPTEMBER 13, 2019<br><br>[ECF No. 159] |

Plaintiff Joseph Raymond McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration, filed on September 13, 2019. Defendants filed an opposition on October 7, 2019, and Plaintiff filed a reply on October 18, 2019. (ECF Nos. 173, 184.) Plaintiff seeks reconsideration of the Magistrate Judge's August 22, 2019, order denying his motion to compel. (ECF No. 149.)

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any

1

other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff appears to seek reconsideration based on his contention that he was not allowed to file a reply to Defendants' opposition to his motion to compel. The August 22, 2019, order stated that Plaintiff had failed to timely a reply, and that statement was correct. Plaintiff's reply brief was due seven days after Defendants' opposition, i.e., by August 13, 2019. However, Plaintiff's moving papers and a review of the record show that Plaintiff did not deliver his reply to prison officials until August 18, 2019, five days late, and it was not filed with the Court until September 13, 2019. (ECF Nos. 158, 159.) Therefore, Plaintiff was not prohibited from filing a timely reply.

In any event, Plaintiff fails to set forth any additional argument as to why his motion to compel should have been granted. Therefore, Plaintiff has failed to demonstrate good cause to support a finding that any further relief is warranted. Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's August 22, 2019, order is DENIED.

IT IS SO ORDERED.

Dated: January 23, 2020

SENIOR DISTRICT JUDGE