UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRONACH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 2, 2020 ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 212) |

　　　Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's "objections" to the Court's February 19, 2020 order denying his sixth request for appointment of counsel, filed March 2, 2020. (Doc. No. 212.) The Court construes Plaintiff's objections as a motion for reconsideration.

　　　Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v.

1

1  Castro, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party "must demonstrate both injury and
2  circumstances beyond his control . . . ." Id.  Local Rule 230(j) requires Plaintiff to show "what new or
3  different facts or circumstances are claimed to exist which did not exist or were not shown upon such
4  prior motion, or what other grounds exist for the motion."  "A motion for reconsideration should not
5  be granted, absent highly unusual circumstances, unless the district court is presented with newly
6  discovered evidence, committed clear error, or if there is an intervening change in the controlling
7  law," and it "may *not* be used to raise arguments or present evidence for the first time when they could
8  reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma
9  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

10   "A party seeking reconsideration must show more than a disagreement with the Court's decision,
11  and recapitulation" of that which was already considered by the Court in rendering its decision.  United
12  States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must
13  set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.
14  See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986).
15  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party
16  must show what "new or different facts or circumstances claimed to exist which did not exist or were
17  not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

18   As an initial matter, to the extent Plaintiff argues that it was improper for the Magistrate Judge
19  to issue the order denying his request for appointment of counsel, it is without merit.  A district court
20  may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1).  If a party objects to a non-
21  dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling
22  under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.
23  72(a); Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991).  A magistrate judge's
24  factual findings or discretionary decisions are "clearly erroneous" when the district is left with the
25  definite and firm conviction that a mistake has been committed.  Security Farms v. International Bhd.
26  of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997).  This standard is significantly deferential.  Avalos v.
27  Foster Poultry Farms, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011).  The district court "may not simply
28  substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241.  The "contrary to law"

standard allows independent, plenary review of purely legal determinations by the magistrate judge. Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Calderon v. Experian Inf. Solutions, Inc., 290 F.R.D. 508, 511 (D. Ida. 2013). Here, denial of Plaintiff's motion for appointment of counsel, without prejudice, was not dispositive. 28 U.S.C. § 636(b); Local Rule 302(c). Accordingly, it was not improper for the magistrate judge to have rendered a decision on Plaintiff's sixth motion for appointment of counsel.

Plaintiff further contends that the Magistrate Judge intentionally omitted: "(1) Written opinion, (2) Findings Of Fact, and (3) Conclusion of Law based on plaintiff's request for appointment of counsel which this court's record clearly show is based on nonambulatory impairment interfering with the First Amendment right to access the courts." (Mot. at 3:16-20, Doc. No. 213.)

Plaintiff's motion for reconsideration must be denied. Plaintiff's simply disagrees with the Magistrate Judge's order denying his sixth request for appointment of counsel. However, the Magistrate Judge considered the applicable legal standard and found that exceptional circumstances did not warrant appointment of counsel. As stated by the Magistrate Judge, although Plaintiff contends that he has suffered an injury to his left hand, Plaintiff has demonstrated that he has the ability to communicate through pleadings and motions to sufficiently prosecute this action pro se. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel where plaintiff demonstrates ability to effectively present case).

Accordingly, Plaintiff's motion for reconsideration of the Court's February 19, 2020 order denying his sixth month for appointment of counsel is denied.

IT IS SO ORDERED.

Dated:  April 30, 2020                                                        
                                                        SENIOR DISTRICT JUDGE

3