UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STRONACH, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>[ECF No. 219] |

Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a temporary restraining order, filed on May 5, 2020. Defendants filed an opposition on May 15, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 25, 2019, the Court issued an amended scheduling order, and the deadline for completion of all discovery is October 2, 2019. (ECF No. 129.)

The dispositive motion deadline is June 29, 2020. (ECF No. 222.)

1

As previously stated, on May 5, 2020, Plaintiff filed a motion for a temporary restraining order. Pursuant to court order, Defendants filed a response on May 15, 2020. (ECF No. 224.)

## II.

## LEGAL STANDARD

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe

Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

## III.
## DISCUSSION

Plaintiff seeks a temporary restraining order to prevent his transfer to a different facility in the midst of the COVID-19 pandemic. (ECF No. 219.) McCoy argues that his pre-existing medical conditions make him particularly vulnerable to COVID-19. (Id.) Nevertheless, Plaintiff contends that staff at California Substance Abuse and Treatment Facility and State Prison ("SATF") have scheduled a classification committee hearing for the last week of May 2020, at which time they will attempt to transfer him to another prison. (Id. at 3.)

Defendants oppose Plaintiff's motion because the Court lacks jurisdiction to issue the requested order, because the issues raised by the motion are not yet ripe for judicial intervention, and because Plaintiff has not demonstrated he is entitled to the relief he seeks.

Based on the analysis below, the Court finds that Plaintiff's motion for a temporary restraining order should be denied.

### A.    Court Lacks Standing to Issue Temporary Restraining Order

As previously stated, Plaintiff seeks an order preventing his transfer from SATF. However, an injunction is only available when the "complaint states a sound basis for equitable relief," a determination that implicates "case or controversy considerations[.]" City of Los Angeles v. Lyons, 461 U.S. at (citation omitted). In his complaint, the events giving rise to the claims in this action occurred between June and December 2009. Plaintiff alleges Defendants did not provide him adequate treatment for a foot infection and denied him use of a wheelchair. However, the issues raised by Plaintiff in his motion for a temporary restraining order concern a possible transfer that may be recommended eleven years later in May 2020 and his fears of contracting COVID-19 during the transfer. Those issues are not being litigated in this case. There is no claim by the Plaintiff that

any of the Defendants in this action have anything to do with his possible transfer.[1] The motion for a temporary restraining order is, instead, directed at the Secretary of CDCR, the Warden at SATF, and the Court-appointed receiver, none of whom are defendants in this action. Because the injunctive relief sought—order prohibiting a transfer—would not remedy his claims and has no connection to them, plaintiff has not "demonstrate[d] a case or controversy ... that would justify the equitable relief sought," depriving the court of jurisdiction. City of Los Angeles, 461 U.S. at 105. Accordingly, the Court lacks jurisdiction to issue an order preventing Plaintiff's transfer.

**B.     Plaintiff's Motion is Not Ripe**

"While standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when litigation may occur." Lee v. Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed many not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)). "The ripeness doctrine demands that litigants state a claim on which relief can be granted and that litigants' asserted harm is 'direct and immediate' rather than speculative or hypothetical." Hillbloom v. United States, 896 F.2d 426, 430 (9th Cir. 1990) (citing to Abbott Labs. v. Gardner, 387 U.S. 136, 152 (1967)).

Defendants submit that the California Correctional Health Care Services (CCHCS) has adopted a medical classification system to serve as the system for considering medical factors in making inmate placement decisions. (Gonzalez Decl. ¶ 2.) Automated clinical risk level designations (high priority 1 or 2, or medium, or low) are determined by factors including high risk medications, diagnoses, procedures, specialty care, hospitalizations, emergency department visits, cost, or abnormal laboratory results. (Id.) To ensure that inmates receive the appropriate level of medical care, CDCR generally places inmates in facilities that are intended for their clinical risk level. (Id.)

---

[1] The Dr. Gonzalez who is a Defendant in this action is different than the correctional counselor Gonzalez who is mentioned in the Plaintiff's motion.

4

An inmate's case is reviewed annually by prison staff. (Id. ¶ 3.) At that time, staff will consider whether the inmate's placement is appropriate or whether he should be considered for transfer to a different institution. (Id.) One of the factors that is considered is whether his current institution is appropriate based on the inmate's clinical risk level. (Id.)

Plaintiff is currently due to have his annual review in May 2020. (Id. ¶ 4.) Plaintiff has a high-risk medical designation. (Id.) However, SATF is not designated as an institution for inmates with high-risk medical designations. (Id.) Because of this, it will be recommended that Plaintiff be transferred to a different institution that is designed for inmates with high-risk medical designations. (Id.)

Whether the recommendation for Plaintiff's transfer will be approved is unknown at this time. (Id. ¶ 5.) Such recommendations are often overridden due to other factors. (Id.) If Plaintiff's recommended transfer is approved, it will not actually happen at this time. (Id. ¶ 6.) Due to the COVID-19 crisis, CDCR has put in place strict limitations on inmate movement so as to prevent spread of the disease. (Id.) All non-essential inmate movement has been cancelled. (Id.) At this time, it is unknown when these limitations will be lifted. (Id.)

Because Plaintiff's annual review has not yet taken place, it is not yet clear whether Plaintiff's recommended transfer will be approved. In addition, even if Plaintiff's transfer is recommended and approved, it will not take place at this time because CDCR has cancelled all non-essential inmate movement due to the COVID-19 crisis.  Thus, Plaintiff's motion is based on events that have not yet happened and may never happen.  Accordingly, Plaintiff's motion is not ripe for judicial intervention, and Plaintiff's motion should be denied.

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order, filed on May 5, 2020 (ECF No. 219) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 19, 2020**

UNITED STATES MAGISTRATE JUDGE