UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRONACH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS<br><br>[ECF No. 232] |

　　　　Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of an expert witness, filed on June 17, 2020.

　　　　Federal Rule of Evidence 706(a) permits a "district court to apportion all the cost [of an expert witness] to one side" in an appropriate case, as when[] one of the parties in an action is indigent" and "the expert would significantly help the court." McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated on other grounds sub nom. Helling v. McKinney, 502 U.S. 903 (1991), judgment reinstated, 959 F.2d 853 (9th Cir. 1991), aff'd, 509 U.S. 25 (1993).

///

///

///

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010). Indeed, appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice." In re JoinT E. & S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

First, to the extent that Plaintiff seeks appointment of an expert witness for his own benefit, the court has no authority to grant him such relief. Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses. Id. Moreover, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11. Second, Plaintiff fails to demonstrate that this action is so complex that it requires the appointment of an expert witness to assist the trier of fact. Plaintiff does not explain how his deliberate indifference claims are factually or legally complex. Plaintiff's claims of deliberate indifference to serious medical need are not so complex that the court requires a neutral expert at the summary judgment stage. See, e.g., Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v. Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); Hooker v. Adams, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly

///
///
///

1  complex."). Rather, this case involves a relatively straightforward Eighth Amendment claim that will
2  turn on the nature of each Defendant's response to Plaintiff's serious medical need. Accordingly,
3  Plaintiff's motion for a neutral expert under Rule 706 is denied.

5  IT IS SO ORDERED.

6  Dated:   **June 26, 2020**

7                                                             UNITED STATES MAGISTRATE JUDGE