UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>STRONACH, et al.,<br><br>        Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>[ECF No. 241] |

Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a temporary restraining order, filed on July 20, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Stronach, Gonzales, LeMay, Beltran, Fisher, Snell and Tann for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 25, 2019, the Court issued an amended scheduling order, and the deadline for completion of all discovery is October 2, 2019.  (ECF No. 129.)

The dispositive motion deadline is June 29, 2020.  (ECF No. 222.)

1

As previously stated, on July 20, 2020, Plaintiff filed a motion for a temporary restraining order. (ECF No. 241.)

## II.

## LEGAL STANDARD

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

///

///

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

## III.

## DISCUSSION

Plaintiff seeks a temporary restraining order to prevent his transfer to non-designated programming facility. (ECF No. 241.) Based on the analysis below, the Court finds that Plaintiff's motion for a temporary restraining order should be denied.

### A. Court Lacks Standing to Issue Temporary Restraining Order

As previously stated, Plaintiff seeks an order preventing his transfer to a non-designated programming facility. However, an injunction is only available when the "complaint states a sound basis for equitable relief," a determination that implicates "case or controversy considerations[.]" City of Los Angeles v. Lyons, 461 U.S. at (citation omitted). In his complaint, the events giving rise to the claims in this action occurred between June and December 2009. Plaintiff alleges Defendants did not provide him adequate treatment for a foot infection and denied him use of a wheelchair. However, the issues raised by Plaintiff in his motion for a temporary restraining order concern a possible transfer to an alleged non-designated facility several years after the allegations in the complaint. That issue is not being litigated in this case. Because the injunctive relief sought—order prohibiting a transfer— would not remedy his claims and has no connection to them, plaintiff has not "demonstrate[d] a case or controversy ... that would justify the equitable relief sought," depriving the court of jurisdiction. City of Los Angeles, 461 U.S. at 105. Accordingly, the Court lacks jurisdiction to issue an order preventing Plaintiff's transfer.

///

///

3

**B.     Plaintiff's Motion is Not Ripe and Lack of Irreparable Harm**

"While standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when litigation may occur." Lee v. Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed many not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)). "The ripeness doctrine demands that litigants state a claim on which relief can be granted and that litigants' asserted harm is 'direct and immediate' rather than speculative or hypothetical." Hillbloom v. United States, 896 F.2d 426, 430 (9th Cir. 1990) (citing to Abbott Labs. v. Gardner, 387 U.S. 136, 152 (1967)).

Although Plaintiff may have been endorsed for a transfer to a non-designated programming facility, whether the recommendation for Plaintiff's transfer will be approved is unknown at this time. Thus, Plaintiff's motion is based on events that have not yet happened and may never happen.  In addition, Plaintiff has not demonstrated that he faces imminent and irreparable harm if transferred to a non-designated programming facility.  Accordingly, Plaintiff's motion is not ripe for judicial intervention, and he has failed to demonstrate irreparable injury.  Therefore, Plaintiff's motion should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order, filed on July 20, 2020 (ECF No. 241) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are that failure to file objections within the specified time may result

///

///

///

4

in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2020**

UNITED STATES MAGISTRATE JUDGE