# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH RAYMOND McCOY,**<br><br>**Plaintiff**<br><br>v.<br><br>**J. CLARK KELSO, et al.,**<br><br>**Defendants** | **CASE NO. 1:12-CV-0983 AWI SAB (PC)**<br><br>**ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION**<br><br>(Doc. No. 192, 238, 239) |

This is a civil rights lawsuit brought by pro se prisoner Joseph McCoy against personnel employed at the California Substance Abuse Treatment Facility. Currently pending before the Court are three motions by Plaintiff that request reconsideration of various rulings made by the Magistrate Judge.

*Legal Standard*

A district court may refer pretrial issues to a magistrate judge to either hear and decide or issue findings and recommendations. See 28 U.S.C. § 636(b)(1); Khrapunov v. Prosyankin, 931 F.3d 922, 930-31 (9th Cir. 2019); Bhan v.NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); Khrapunov, 931 F.3d at 931; Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991). A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Avalos v. Foster Poultry Farms, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This standard is significantly deferential. Avalos, 798 F.Supp.2d at

1160.  The district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; Avalos, 798 F.Supp.2d at 1160.  The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  See PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (5th Cir. 2010); Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir.1992); Avalos, 798 F.Supp.2d at 1160; Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Calderon v. Experian Info. Solutions, Inc., 290 F.R.D. 508, 511 (D. Idaho 2013); 290 F.R.D. at 511; Jadwin, 767 F.Supp.2d at 1011.

*Discussion*

Plaintiff's first motion is unclear but appears to seek reconsideration of the Magistrate Judge's order that expanded the discovery deadline for Defendants to take Plaintiff's deposition.  See Doc. No. 192.  The Magistrate Judge's order is Doc. No. 177 and was issued on October 8, 2019.  Plaintiff argues that the district court was divested of jurisdiction through operation of Rule of Appellate Procedure 15(b)(2) because he filed a document with the Ninth Circuit.  However, the Ninth Circuit had previously reversed and remanded this case on April 1, 2019.  See Doc. No. 126.  Mandate issued on April 23, 2019.  See Doc. No. 128.  Therefore, by the time that the Magistrate Judge issued the discovery order, proceedings at the Ninth Circuit had ended and this Court was properly exercising jurisdiction and following the Ninth Circuit's remand.  Plaintiff has not identified any aspect of the October 8, 2019 discovery order that was clearly erroneous or contrary to law.  Therefore, reconsideration of the October 8, 2019 order will be denied.

Plaintiff's second motion challenges the Magistrate Judge's June 26, 2020 order (Doc. No. 236), which denied Plaintiff's motion for appointment of an expert witness pursuant to Fed. R. Evid. 706.  See Doc. No. 238.  Plaintiff argues that the order is contrary to the express language of Rule 706(a).  See id.  Decisions under Fed. R. of Evid. 706(a) regarding the appointment of an expert witness are reviewed for an abuse of discretion.  See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Here, the Magistrate Judge found that an expert should not be appointed who will serve as an advocate for Plaintiff and that

this case was not so complex that an expert was needed.  The Court detects no abuse of discretion and cannot hold that the order was clearly erroneous or contrary to law.  Therefore, reconsideration of the June 26, 2020 order will be denied.

Plaintiff's third motion seeks reconsideration of a June 29, 2020 order by the Magistrate Judge (Doc. No. 237) that denied a motion for deemed admissions under Fed. R. Civ. P. 8(b)(6).  See Doc. No. 239.  Plaintiff had attempted to obtain a ruling that Defendants' failure to address a contention regarding a pre-existing medical condition that was made in a motion for temporary restraining order had the effect of admitting the contention.  See Doc. No. 228.  The Magistrate Judge had ordered the Defendants to reply to the motion for temporary restraining order.  See Doc. No. 219.  After review, reconsideration is not warranted.  First, Rule 8(b)(6) applies to "responsive pleadings."  See Fed. R. Civ. P. 8(b)(6).  A "pleading" is defined by Rule 7.  See Fed. R. Civ. P. 7(a).  A response to a motion for a temporary restraining order is not a "pleading" under Rule 7(a).  See id.  Thus, Rule 8(b)(6) would not apply to Defendants' response/opposition to the motion for temporary restraining order.  Second, the Magistrate Judge was correct that the Defendants were ordered only to respond to the motion for temporary restraining order, not Plaintiff's medical conditions.  The Defendants responded by making largely jurisdictional arguments that were accepted by the Magistrate Judge and this Court.  See Doc. Nos. 224, 225, 246.  The Court cannot hold that the June 29, 2020 order was clearly erroneous or contrary to law.  Therefore, reconsideration of the June 29, 2020 order will be denied.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's three motions for reconsideration (Doc. Nos. 192, 238, and 239) are all DENIED.

IT IS SO ORDERED.

Dated:   September 2, 2020                              _____
                                                                            SENIOR DISTRICT JUDGE