UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>STRONACH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SEVENTH MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 252) |

Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's seventh motion for appointment of counsel, filed September 15, 2020.

As Plaintiff is well aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff alleges an Eighth Amendment claim against several defendants for denying him appropriate medical attention. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. At this time, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Although Plaintiff contends that he has suffered an injury to his left hand, it is clear that Plaintiff is able to litigate this action either by himself or with assistance.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

///
///
///
///

For the foregoing reasons, Plaintiff's seventh motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **September 16, 2020**

UNITED STATES MAGISTRATE JUDGE