UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>            Plaintiff,<br><br>    v.<br><br>STRONACH, et al.,<br><br>            Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION<br><br>(Doc. Nos. 238, 239) |

Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's motions for reconsideration, filed on July 15, 2020. (Doc. Nos. 238, 239.) Plaintiff seeks reconsideration of the Magistrate Judge's order denying his request for an expert witness and denying motion for relief under Federal Rule of Civil Procedure 8(b)(6). (Doc. Nos. 236, 237.)

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any

1

other reason that justifies relief." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time.  Id.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id.  Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision.  United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

**A.    Denial of Request for Appointment of Expert Witness**

In denying Plaintiff's request for appointment of an expert witness, the Magistrate Judge stated as follows:

> First, to the extent that Plaintiff seeks appointment of an expert witness for his own benefit, the court has no authority to grant him such relief. Rule 706(a) of the Federal Rules of Evidence permits the court to appoint only neutral expert witnesses. Id.  Moreover, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.  Second, Plaintiff fails to demonstrate that this action is so complex that it requires the appointment of an expert witness to assist the trier of fact. Plaintiff does not explain how his deliberate indifference claims are factually or legally complex. Plaintiff's claims of deliberate indifference to serious medical need are not so

> complex that the court requires a neutral expert at the summary judgment stage. See, e.g., Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v. Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); Hooker v. Adams, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex."). Rather, this case involves a relatively straightforward Eighth Amendment claim that will turn on the nature of each Defendant's response to Plaintiff's serious medical need. Accordingly, Plaintiff's motion for a neutral expert under Rule 706 is denied.

(ECF No. 236 at 2:11-3:3.)

Plaintiff contends that the Magistrate Judge did not issue an order to show cause as to why an expert should not be appointed or hold an evidentiary hearing to determine so. However, contrary to Plaintiff's contention, the Magistrate Judge provided a reasoned decision why appointment of an expert witness is not warranted in this action. Plaintiff continues to argue that this action involves complex medical issues requiring a medical expert in order to file a dispositive motion.

Federal Rule of Evidence 706(a) permits a "district court to apportion all the cost [of an expert witness] to one side" in an appropriate case, as when[] one of the parties in an action is indigent" and "the expert would significantly help the court." McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated on other grounds sub nom. Helling v. McKinney, 502 U.S. 903 (1991), judgment reinstated, 959 F.2d 853 (9th Cir. 1991), aff'd, 509 U.S. 25 (1993).

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the Court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010). Indeed, appointment of an independent expert under "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice." In re Joint E.

& S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case).

First, Plaintiff cannot seek appointment of an expert witness for his own benefit. As stated above, Rule 706(a) of the Federal Rules of Evidence permits the Court to appoint *only* neutral expert witnesses. Students of Cal. School for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir. 1984). Furthermore, "28 U.S.C. § 1915, does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton v. Todd, 793 F. Supp. 2d at 1171, 1184 n.11 (E.D. Cal.). Thus, if the Court were able to appoint an expert witness in this action, the expert would be appointed to assist the Court, and not to collect and interpret evidence or respond to defenses brought by Defendant.

Second, Plaintiff's request is premature. A neutral expert witness may be necessary where there is "some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Gorton, 793 F. Supp. 2d at 1181. No such evidence has been filed in this action. At this time, there are no pending matters on which the Court may require special assistance, such as to resolve a motion for summary judgment.

Lastly, Plaintiff's claim of deliberate indifference to serious medical need is not so complex as to require an expert witness to present or prove the case. See, e.g., Noble v. Adams, No. 103CV-05407AWI-SMSPC, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's request to appoint medical expert witness in section 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v. Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex."); Hooker v. Adams, 2007 WL 4239570, at *1 (E.D. Cal. Dec. 3, 2007) (plaintiff's motion for the appointment of an expert witness denied as "the legal issues involved in this action are not particularly complex."). Plaintiff has alleged that Defendants Beltran, Gonzalez, Snell, Tann, Fisher, Stronach, and LeMay were deliberately indifferent to his medical needs in violation of the Eighth Amendment when they allegedly failed to provide adequate medical treatment for his infected right foot in 2009. At this juncture, the factual allegations raised in the operative complaint, if proved, do not appear to be so complex that they are

beyond a lay person's grasp.  In sum, Plaintiff has failed to demonstrate extraordinary circumstances to justify appointment of an expert witness, and his motion for reconsideration of the Magistrate Judge's order denying his request shall be denied.

### B. Denial of Request for Relief under Federal Rule of Civil Procedure 8

The Magistrate Judge denied Plaintiff's request for relief under Federal Rule of Civil Procedure 8 stating:

> Federal Rule of Civil Procedure 8(b)(6) provides, "An allegation ... is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." (emphasis added).  As Defendants were not required to respond to Plaintiff specific medical conditions, Plaintiff's request for relief under Rule 8(b)(6) is denied.

(ECF No. 237 at 1:24-2:2.)  Plaintiff contends Defendants were required to respond to his specific Medical conditions, when the Court directed them to file a response to his motion for a temporary restraining order. (See ECF Nos. 220, 239.)  Here, Defendants have responded to Plaintiff's allegations by way of filing an answer on August 6, 2014. (ECF No. 53.)  The answer is the responsive pleading in this action.   The fact that Defendants were directed to respond to his request for a temporary restraining order relating to a transfer in despite of the novel coronavirus pandemic does not address the merits of this action and is not a responsive pleading.  Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's June 29, 2020 order shall be denied.

## II.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration, filed on July 15, 2020 (ECF Nos. 238 & 239) are DENIED; and
2. Plaintiff has repeatedly filed objections and/or motions for reconsideration in this action.  (See ECF Nos. 159, 178, 181, 192, 203, 213.)  Plaintiff is cautioned that repeated meritless motions for reconsideration will not be tolerated.  Filing frivolous motions is a waste of the Court's limited judicial resources.  Future motions for

5

reconsideration will be *summarily denied* absent at least a minimal showing that Plaintiff can meet the requirements of Rule 60(b).

IT IS SO ORDERED.

Dated: October 15, 2020

SENIOR DISTRICT JUDGE