UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRONACH, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISQUALIFICATION<br><br>(Doc. Nos. 258, 272) |

Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 30, 2020, Plaintiff filed a declaration of bias and/or prejudice of the undersigned. (ECF No. 258.) Then, on November 2, 2020, Plaintiff filed a motion for reconsideration of the Magistrate Judge's October 15, 2020, order granting in part Defendants' motion to extend the dispositive motion deadlines. (ECF Nos. 262, 272.) The Court construes Plaintiff's motion as a motion for the undersigned to recuse or disqualify himself from this matter.

A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481 (1922), is the seminal case interpreting

§ 144. See United States v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233.

To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554-56 (1994).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Johnson, 610 F.3d 1138, 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." Id. at 1148.

In this case, Plaintiff seeks recusal of the undersigned on the ground that the Court has made rulings that Plaintiff deems to be adverse to him and contends that the Court acted in excess of its jurisdiction by issuing rulings after he filed his declaration of bias and/or prejudice on September 30, 2020. Plaintiff also believes that these rulings were made unfairly and were made due to some bias or prejudice against him.

As an initial matter, if the affidavit for recusal is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

Plaintiff's motion for recusal in this case is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias

or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Plaintiff contends he has not been permitted "to fully and fairly exercise my right to prosecute" and the Court has "engaged in conduct contrary to the second highest court in America." (ECF No. 258 at 2.) Plaintiff presents no basis for questioning the impartiality of the undersigned. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. at 555. Rather, Plaintiff continues to disagree with judicial rulings. However, judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves ... [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Accordingly, Plaintiff's motions for disqualification and reconsideration of the Magistrate Judge's October 15, 2020 order (Doc. Nos. 258, 272) are denied.

IT IS SO ORDERED.

Dated:   January 15, 2021                    _____
                                              SENIOR DISTRICT JUDGE