UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRONACH, et al.,<br><br>　　　　Defendants. | CASE NO. 12-cv-00983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 291) |

Plaintiff Joseph Raymond McCoy proceeds pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.

On July 12, 2021, the assigned magistrate judge denied Plaintiff's seventh motion for appointment of counsel and granted Plaintiff thirty days to file objections to the pending findings and recommendations. Doc. No. 290. Plaintiff now objects to the July 12, 2021 order. Doc. No. 291. The Court construes Plaintiff's objections as a motion for reconsideration.

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from an order for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, (3) fraud, misrepresentation, or misconduct by an opposing party, (4) a void judgment, (5) a satisfied, released, or discharged judgment, or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The catchall provision, Rule 60(b)(6), "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoted source omitted). The moving party under Rule

60(b) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Id. (quotation marks and quoted source omitted).  Moreover, in seeking reconsideration in this Court, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Eastern District of California Local Rule 230(k).

Plaintiff contends that the magistrate judge "blatantly denied" him protection of the laws. Doc. No. 291 at 3.  Plaintiff's disagreement with the magistrate judge's conclusions that he has not shown he is likely to succeed on the merits of this case and that he can adequately articulate his claims in order to file objections to the findings and recommendations does not provide a basis for reconsideration.  See Ricks v. Austria, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (explaining that counsel need not be appointed if the plaintiff can articulate his claims, even if the pro se litigant might be better served with the assistance of counsel).  Thus, Plaintiff's motion for reconsideration will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. No. 291) is DENIED; and
2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  August 2, 2021                                   _____
                                                                              SENIOR DISTRICT JUDGE