UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>STRONACH, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 299) |

    Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On September 28, 2021, the assigned magistrate judge denied Plaintiff's sixth motion for an extension of time to file objections to the then-pending Findings and Recommendations.  (Doc. No. 296.)  Plaintiff now objects to the Court's September 8, 2021 order.  The Court construes Plaintiff's objections as a motion for reconsideration.

    Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision,") U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff contends that the September 28, 2021 order is clearly erroneous and contrary to the law because his previous motions for extensions of time "all stems from allegations of Bounds violations by prison officials and magistrate judge's repeated failure or refusal to address and resolve on the merits of the Constitutional Text…." (Doc. No. 299 at 3.)  Here, Plaintiff's motion does not identify any basis under Rule 60 upon which this court should reconsider its order dismissing this action.  As stated in the Court's September 28, 2021 order, "it appears that Plaintiff is simply attempting to stall this case," as he "had seven months from the original deadline to file objections, and Plaintiff failed to describe any specific efforts or process he has made in attempting to file objections and/or what specific research or other actions are necessary to file his objections. (Doc.

///

///

///

2

1  No. 296 at 2.)  Plaintiff has not set forth facts or law providing a basis upon which the court could
2  reverse its prior decision.  Therefore, Plaintiff's motion for reconsideration is denied.

4  IT IS SO ORDERED.

5  Dated:   October 07, 2021
6                                                             SENIOR DISTRICT JUDGE

3