**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSEPH RAYMOND MCCOY,<br>Plaintiff,<br>v.<br>STRONACH, et al.,<br>Defendants. | ) | Case No.: 1:12-cv-000983-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT<br><br>(ECF No. 302) |

Plaintiff Joseph Raymond McCoy is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 15, 2021, Plaintiff filed a motion for a new trial under Federal Rule of Civil Procedure 59. (ECF No. 302.)

The Court may grant reconsideration under Rules 59(e) or 60. See Schroeder v. McDonald, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016); see also Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011), citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." McDowell, 197 F.3d at 1255. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co., 634 F.3d at 1111.

Plaintiff argues the judgment should be amended because the Court improperly denied his sixth motion for an extension of time to file objections. (ECF No. 302.) As stated in the court's October 13, 2021 order denying his prior motion for reconsideration, " 'it appears that Plaintiff is simply attempting to staff this case,' as he 'had seven months from the original deadline to file objections, and Plaintiff failed to describe any specific efforts or process he has made in attempting to file objections and/or what specific research or other actions are necessary to file objections.' " (ECF No.301 at 2.) Although Plaintiff's motion is timely filed, it is unavailing because it fails to point to new evidence, clear error, or any change in the controlling law governing his purported Fourteenth Amendment claims. Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014). Instead, Plaintiff merely appears to disagree with the Court's denial of his request for a sixth extension of time to file objections and grant of Defendants' motion for summary judgment. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v.

Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Accordingly, Plaintiff's motion to amend the judgment filed on October 15, 2021 (ECF No. 302) is denied.

IT IS SO ORDERED.

Dated: October 19, 2021

SENIOR DISTRICT JUDGE